Matter of Evelyn D. (Berke--Patricia W.) (2019 NY Slip Op 07065)





Matter of Evelyn D. (Berke--Patricia W.)


2019 NY Slip Op 07065


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-04817
 (Index No. 1902/18)

[*1]In the Matter of Evelyn D. (Anonymous). Daniel Berke, petitioner-respondent; Patricia W. (Anonymous), respondent-respondent; Gemma Dan, appellant; 1061 Jackson Avenue, LLC, nonparty-respondent.


Mordente Law Firm, LLC, Flushing, NY (Anthony R. Mordente of counsel), for appellant.
Daniel Berke, Brooklyn, NY, petitioner-respondent pro se.
Warren S. Hecht, Forest Hills, NY, for respondent-respondent.
Cole Schotz P.C., New York, NY (Jenny R. Flom of counsel), for nonparty-respondent.



DECISION & ORDER
In a proceeding, inter alia, for judicial approval of the sale of an interest in certain real property owned by a conservatee, Gemma Dan appeals from an order of the Supreme Court, Queens County (Lee A. Mayersohn, J.), dated April 12, 2018. The order, insofar as appealed from, in effect, granted the petition to the extent of authorizing the sale of Evelyn D.'s interest in certain real property.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents.
Gemma Dan (hereinafter the appellant) and Evelyn D. were the owners of certain real property located in Queens as joint tenants with a right of survivorship. In October 2011, Patricia W. was appointed conservator for Evelyn D. (hereinafter the conservatee),by the Probate Court of Gwinnett County in the State of Georgia. In May 2017, the Georgia court granted a petition brought by Patricia W. to approve the sale of the conservatee's one-half interest in the subject property to the petitioner herein, Daniel Berke, conditioned upon the posting of a bond in the amount of $350,000. By order to show cause and petition dated March 6, 2018, the petitioner commenced this proceeding, inter alia, seeking judicial approval of the sale. In an order dated April 12, 2018, the Supreme Court, inter alia, in effect, granted the petition to the extent of authorizing the sale of the conservatee's interest in the property.
Contrary to the appellant's contention, the instant proceeding may properly be maintained by the petitioner since he was "a person entitled to the conveyance" of the subject property pursuant to sections 1712 and 1711(4) of Real Property Actions and Proceedings Law. [*2]Furthermore, contrary to the appellant's contention, registration of the order issued by the Georgia court in this State prior to the commencement of this proceeding was not required (see Mental Hygiene Law § 83.37). There is no support for the appellant's additional contention that the Supreme Court improvidently exercised its discretion in permitting the petitioner to effectuate service upon her in the manner specified by the court in the order to show cause (see CPLR 403[d]). Moreover, under the circumstances of this case, the court did not improvidently exercise its discretion in determining that advertisement of the sale of the conservatee's interest in the subject property for a shortened period was warranted (see RPAPL 1722[5]).
The appellant's remaining contentions are without merit. Accordingly, we affirm the order insofar as appealed from.
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court